

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Attention: Mr. Stevens

Opinion No. O-1330
Re: Whether mortgages taken
by Federal credit unions
are subject to stamp tax.

We are pleased to comply with your request for our
opinion as to whether instruments of security taken by Federal
credit unions are subject to the stamp tax levied by the State
of Texas upon the recording of lien instruments under Article
7047e, Vernon's Annotated Civil Statutes, as amended by Senate
Bill No. 24, 46th Legislature.

The organization of Federal credit unions is author-
ized by ch. 14, 12 U.S.C.A., beginning with Section 1751. One
of the functions of such organizations is the making of loans
to its members. Section 1767, U.S.C.A., reads as follows:

> "Each Federal credit union organized
> under this chapter, when requested by the
> Secretary of the Treasury, shall act as
> fiscal agent of the United States and shall
> perform such services as the Secretary of
> the Treasury may require in connection with
> the collection of taxes and other obliga-
> tions due the United States and the lending,
> borrowing, and repayment of money by the
> United States, including the issue, sale,
> redemption or repurchase of bonds, notes,
> Treasury certificates of indebtedness, or
> other obligations of the United States;
> and to facilitate such purposes the Gover-
> nor shall furnish to the Secretary of the
> Treasury from time to time the names and
> addresses of all Federal credit unions with
> such other available information concerning

them as may be requested by the Secretary
of the Treasury. Any Federal credit union
organized under this chapter, when designat-
ed for that purpose by the Secretary of the
Treasury, shall be a depository of public
money, except receipts from customs, under
such regulations as may be prescribed by
the Secretary of the Treasury."

Section 1768, U.S.C.A., provides as follows:

"The Federal credit unions organized
hereunder, their property, their franchises,
capital, reserves, surpluses, and other
funds, and their income shall be exempt
from all taxation now or hereafter imposed
by the United States or by any State, Ter-
ritorial, or local taxing authority; ex-
cept that any real property and any tangible
personal property of such Federal credit
unions shall be subject to Federal, State,
Territorial, and local taxation to the same
extent as other similar property is taxed.
Nothing herein contained shall prevent hold-
ings in any Federal credit union organized
hereunder from being included in the valua-
tion of the personal property of the owners
or holders thereof in assessing taxes im-
posed by authority of the State or political
subdivision thereof in which the Federal
credit union is located; Provided, however,
That the duty or burden of collecting or
enforcing the payment of such tax shall not
be imposed upon any such Federal credit
union and the tax shall not exceed the rate
of taxes imposed upon holdings in domestic
credit unions. As amended, Dec. 6, 1937,
c. 3, § 4, 51 Stat."

We have expressed the opinion that mortgages taken by
national banks are not subject to the tax levied by the statute.
Opinion No. O-874. And, in the case of Federal Land Bank vs.
Crosland, 261 U.S. 374, 67 L. Ed. 703, the Supreme Court of
the United States held that the Federal land banks were not subject
to a similar tax levied by the State of Alabama.

The organizations under consideration are formed for

private benefits in large part. However, the State is express-
ly allowed to levy certain taxes upon their properties. Sec-
tion 1767 makes them agents of the United States for the per-
formance of certain things beneficial to the Federal Govern-
ment. Section 1768 extends to them certain exemptions from
State taxation. Doubtless the Congress felt that it was af-
fording an exemption from local taxation in an equitable pro-
portion to the services expected from such concerns as agencies
of the United States. As in the case of national banks and
Federal land banks we think the Congress acted within its
power in the enactment of Section 1767. We are further of the
opinion that the language of that section forbids the levy and
collection of this tax as against organizations formed under
the Federal Credit Union Act. Your question is answered in the
negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/
          Glenn R. Lewis
          Assistant

GRL:RS

APPROVED NOV. 2, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
By /s/ B.W.B., Chairman